UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATIOn, as trustee for Lehman XS Trust Mortgage Pass-through Certificates, Series 2006-18N, <br><br> Plaintiff, <br><br> v. <br><br> DARYL C. CHANG, SR. and CHERI D. CHANG, <br><br> Defendants. | No.  2:19-cv-01280-JAM-KJN <br><br> **SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |

The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.  See Local Rule 302(d) ("Notwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge.").

///

1

1    On July 10, 2019, Defendant Daryl C. Chang Sr. filed a

2    Notice of Removal with this Court, seeking to remove an action

3    from the San Joaquin County Superior Court.  Notice of Removal,

4    ECF No. 1.  For the following reasons, the Court sua sponte

5    REMANDS this case to San Joaquin County Superior Court.

6         Under 28 U.S.C. § 1441(a), a defendant may remove an action

7    to federal court if the district court has original jurisdiction.

8    Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)

9    (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th

10   Cir. 2003)).  If at any time before final judgment it appears

11   that the district court lacks subject matter jurisdiction, the

12   case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a

13   defendant seeking to remove an action to federal court must file

14   a notice of removal within thirty days of receiving a copy of the

15   initial pleading.  28 U.S.C. § 1446(b).  The defendant seeking

16   removal of an action to federal court has the burden of

17   establishing federal jurisdiction in the case.  California ex

18   rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

19        Here, Defendant is attempting to remove an unlawful detainer

20   action to federal court for the third time in seven months.  See

21   U.S. Bank National Association v. Chang, 2:19-cv-00094-TLN-DB

22   (E.D. Cal. Jan. 17, 2019) (remanding for lack of subject-matter

23   jurisdiction); US Bank National Association as Trustee v. Chang,

24   2:19-cv-00820-TLN-DB (E.D. Cal. June 24, 2019) (same).  Chang

25   appears to allege that jurisdiction is proper under diversity

26   jurisdiction; however, he does not explain the basis thereof or

27   the parties' citizenship.

28        Federal courts are courts of limited jurisdiction and lack

inherent or general subject matter jurisdiction.  Federal courts

can adjudicate only those cases authorized by the United States

Constitution and Congress.  Generally, those cases involve

diversity of citizenship or a federal question, or cases in which

the United States is a party.  Kokkonen v. Guardian Life Ins.

Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545

(1989).  Federal courts are presumptively without jurisdiction

over civil actions.  Kokkonen, 511 U.S. at 377.  Lack of subject

matter jurisdiction is never waived and may be raised by the

Court sua sponte.  Attorneys Trust v. Videotape Computer Prods.,

Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  "Nothing is to be

more jealously guarded by a court than its jurisdiction.

Jurisdiction is what its power rests upon. Without jurisdiction

it is nothing."  In re Mooney, 841 F.2d 1003, 1006 (9th Cir.

1988).

The Ninth Circuit has held that the removal statute should

be strictly construed in favor of remand and against removal.

Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir.

2005).  The "strong presumption" against removal jurisdiction

means that the defendant always has the burden of establishing

that removal is proper.  Nishimoto v. Federman-Bachrach &

Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche

Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  Federal

jurisdiction must be rejected if there is any doubt as to the

right of removal in the first instance.  Gaus v. Miles, Inc., 980

F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish jurisdiction

before this Court because the complaint filed in the state court,

STK-CV-LUDRF-2018-11549, contains a single cause of action for unlawful detainer. Unlawful detainer actions are strictly within the province of state court. A defendant's attempt to create federal subject-matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

Plaintiff's complaint raises a single state law claim for unlawful detainer. The face of a properly-pled state law unlawful detainer action does not present a federal question.

4

1 Therefore, Plaintiff's complaint avoids federal question

2 jurisdiction. Defendant cannot inject a federal issue through

3 his answer.

4 Accordingly, the Court REMANDS this case to San Joaquin

5 County Superior Court for all future proceedings. Defendant's

6 motion to proceed in forma pauperis, ECF No. 2, is DENIED as

7 moot.

8

Dated:  July 11, 2019          /s/ John A. Mendez
9                               HONORABLE JOHN A. MENDEZ
                                United States District Court Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28